IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEVIN LAWRENCE OUELLETTE,**

    **Petitioner,**

    v.                                                                        **CASE NO. 20-3221-SAC**

**JERRY MONTAGNE, et al.,**

    **Respondents.**

## ORDER TO SHOW CAUSE

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. The Court grants Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2). The Court has conducted an initial review of the Petition and for the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed without prejudice.

**Background**

Petitioner is a pretrial detainee held at the McPherson County Jail in McPherson, Kansas. Petitioner alleges that he is being held on a charge for failure to register. *See State v. Ouellette*, Case No. 20-CR-96 (McPherson County District Court). Petitioner argues that his registration obligations have expired and he should no longer be required to register. An online district court records search shows that Case No. 20-CR-96 is pending, with a motion to dismiss filed and the case set for a status conference on September 25, 2020. *Id*.

**Discussion**

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a

1

2

habeas corpus petition."); *Madden v. Cleveland Cty.*, 671 F. App'x 725, 726 (10th Cir. Dec. 20, 2016) (unpublished) ("And insofar as Plaintiff seeks habeas relief under 28 U.S.C. § 2241 from his prosecution, he is barred for failure to first exhaust available state remedies.") (citing *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief."); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The burden of proving exhaustion rests with the prisoner. *Madden*, 671 F. App'x at 726 (citing *Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993)). Because Petitioner's state criminal case is pending, he should show good cause why his Petition should not be dismissed without prejudice to refiling after his state criminal matters are resolved, including, if necessary, an appeal.

**IT IS THEREFORE ORDERED THAT** Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED THAT** Petitioner is granted until **September 18, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Petition should not be dismissed without prejudice to refiling after his state criminal matters are resolved.

**IT IS SO ORDERED**.

Dated August 28, 2020, in Topeka, Kansas.

                                                <u>**s/ Sam A. Crow**</u>
                                                **Sam A. Crow**
                                                **U.S. Senior District Judge**